**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OUR MONEY OUR TRANSIT and ROBERT MACHERIONE,<br><br>               Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL TRANSIT ADMINISTRATION; et al.,<br><br>               Defendants-Appellees,<br><br>LANE TRANSIT DISTRICT,<br><br>               Intervenor-Defendant-Appellee. | No. 14-35766<br><br>D.C. No. 2:13-cv-01004-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted April 5, 2017
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: KOZINSKI and W. FLETCHER, Circuit Judges, and TUNHEIM,[**] Chief District Judge.

Plaintiffs-Appellants Our Money Our Transit and Robert Macherione appeal the district court's summary judgment order in favor of Defendants-Appellees the Federal Transit Administration (FTA) and Lane Transit District (LTD). Appellants allege that the West Eugene EmX Extension (WEEE) approval failed to comply with the requirements of the National Environmental Policy Act (NEPA). In particular, they argue that the Environmental Assessment (EA) failed to consider a reasonable alternative and ignored the WEEE's environmental impacts on traffic, local trees, utilities, and Charnelton Street.

We affirm the district court's summary judgment in favor of Defendants-Appellees. "[A]n agency does not violate NEPA by refusing to discuss alternatives already rejected in prior state studies." *Honolulutraffic.com v. Fed. Transit Admin.*, 742 F.3d 1222, 1231 (9th Cir. 2014) (citing *Laguna Greenbelt, Inc. v. Dep't of Transp.*, 42 F.3d 517, 524 n.6 (9th Cir. 1994)). The FTA and LTD engaged in an Alternative Analysis (AA) that assessed over fifty alternatives prior to the EA. "[A] state-prepared [AA] may be used as part of the NEPA process as long as it

---

[**] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

2

meets certain requirements . . . ." *Id.* This AA met those requirements and resulted in several proposals being advanced to local stakeholders. As a result of consultation with those local stakeholders, the EA examined only the West 6th route as the Locally Preferred Alternative, as well as a No-Build alternative. We hold that it was not unreasonable to exclude the West 13th route from the EA.

We also affirm the district court's rejection of Plaintiffs-Appellants' argument that the EA and Finding of No Significant Impact (FONSI) did not fulfill the "hard look" requirement. *Ctr. for Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 538 F.3d 1172, 1194 (9th Cir. 2008). According to Appellants, both the EA and FONSI violate NEPA by failing to explain why traffic congestion, cutting down 200 mature trees, relocating utilities, and converting Charnelton Street from a local street will not so significantly affect the environment as to warrant a full Environmental Impact Statement. The argument concerning the relocation of utilities is raised for the first time on appeal and so is waived. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) ("This issue is raised for the first time on appeal, and we therefore treat the issue as waived."). Even if this objection were not waived, however, we would hold that both the EA and FONSI meet the standard of providing a convincing statement of reasons why the actions will not have a significant impact on the

3

environment. *Ctr. for Biological Diversity*, 538 F.3d at 1219-20. This is especially true when these documents are combined with the AA, as allowed by our precedent. *Honolulutraffic.com*, 742 F.3d at 1231.

For the foregoing reasons, the order of the district court is

**AFFIRMED.**